**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-02021-EWN-CBS

JEFFREY LARSON,

    Plaintiff,

v.

JOSEPH ORTIZ,
DR. CABILING,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Craig B. Shaffer

    The matter before the court is Defendants Joseph Ortiz and Dr. Cabiling's Motion to Dismiss Plaintiff's Amended Complaint [#72] filed on July 18, 2005.  Plaintiff filed his Response [#84], on September 9, 2005.  Defendants filed their Reply [#85] on September 23, 2005.  Further before the court is  Defendants' Motion to Limit Discovery Pending Decision on Defendants' Motion to Dismiss Amended Complaint [#74], filed on July 18, 2005

    The court has reviewed the Motion to Dismiss, the Response, the Reply, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons discussed below, it is recommended that the Motion to Dismiss be granted, and that this civil action be dismissed with prejudice.  Further, it is recommended that Defendants' Motion to Limit Discovery Pending Decision on Defendants' Motion to Dismiss Amended Complaint [#74], filed on July 18, 2005, be

denied as moot.

**I.      Background.**

Plaintiff, an inmate with the Colorado Department of Corrections ("CDOC"), at the Sterling, Colorado Correctional Facility, has filed a *pro se* Amended Prisoner Complaint pursuant to **28 U.S.C. § 1343**, **42 U.S.C. § 1983,** the Americans with Disabilities Act ("ADA"), and the Due Process Clause of the United States Constitution. He seeks monetary and exemplary damages from the Defendants.

Plaintiff claims that he is a "mentally disabled, insulin dependent diabetic, who relies on daily medical treatment to sustain his health." **Comp., p. 2.** In the administration of his medications, Plaintiff claims that Defendants "injured and hospitalized [Plaintiff] by denying [him] reasonable medical treatment at trivial cost while acting under the color of law, subjecting [him] to cruel and unusual punishment and denying the right to due process of law." **Comp., p. 2.** Specifically, on September 20, 2002, Plaintiff was released from incarceration upon completion of a four-year term of incarceration. Defendants refused to dispense "essential medications" to Plaintiff, allegedly resulting in his hospitalization. **Id., p. 3.** Plaintiff completed a four-year term of incarceration on September 20, 2002, yet, is presently incarcerated under the custody of Defendant Ortiz. Plaintiff does not claim that Defendants denied him medications/treatment while he was in custody. *See* **Id., p. 4.**

Plaintiff's Amended Complaint contains three claims for relief. First, Plaintiff claims that Defendants violated his Eighth and Fourteenth Amendment rights by refusing to provide medical treatment to him while he was on parole. Second, Plaintiff

2

claims Defendant Ortiz denied him "the benefits of parole by reason of [his] disability status" in violation of the ADA. **Id.** Specifically, Plaintiff claims Defendant Ortiz revoked his parole by reason of his disability. Finally, Plaintiff claims that Defendant Ortiz violated his Due Process and Equal Protection rights in violation of the Fourteenth Amendment. Defendants respond that Plaintiff's claims fail to state a claim upon which relief may be granted, requiring dismissal under **FED. R. CIV. P. 12(b)(6)**.

## II. Standard of Review.

Since Plaintiff appears *pro se,* this court will construe liberally his pleadings and other papers, holding them to a less stringent standard than formal papers filed by attorneys. **Hall v. Bellmon,** 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." **FED. R. CIV. P. 12(b)(6).** When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. **Ramirez v. Dep't of Corrs.,** 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted). The court should not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Ramirez,** 222 F.3d at 1240 (quoting **Conley v. Gibson,** 355 U.S. 41, 45-46 (1957)).

## III. Analysis.

### A. First Claim: Eighth and Fourteenth Amendment Claims against Defendants in Their Individual and Official Capacities.

Plaintiff's first claim for relief alleges that Defendants, in their individual

capacities[1] were deliberately indifferent to his diabetic condition and his mental illness by refusing to provide medical treatment to him while he was on parole. Plaintiff claims that on September 20, 2002, he was released from incarceration upon the completion of a four-year prison term. Upon his release, Defendants "refused to dispense Mr. Larson with the essential medications necessary to maintain Mr. Larson's health, resulting in the injury and hospitalization of Mr. Larson upon his release from incarceration." **Compl., p. 3.** Plaintiff claims that Defendants knew that he needed these medicines, and that the denial of them would create an "obvious risk of injury." **Id., p. 4.** Plaintiff claims that Defendants' refusal to provide medication resulted in his injury and hospitalization "consisting of peripheral neuropathy, orthostasis, and physical and emotional pain and suffering." **Id, p. 5.** He argues that his prescribed treatment plan of insulin and psychotropic medications for the treatment of diabetes and clinical major depression is "accepted medical practice and the defendants were aware of [his] treatment when they denied [him] treatment for his illness." **Id., p. 7.**

Preliminarily, both Defendants are entitled to qualified immunity, barring claims brought against them in their individual capacities. A public official acting in his individual capacity is presumed to be immune from liability. ***Schalk v. Gallemore,*** 906 F.2d 491, 499 (10th Cir. 1990). In order to rebut the presumption of immunity, the plaintiff must prove that the Defendants "knew or reasonably should have known that

---

[1] Only a defendant acting "under color of state law" may violate Section 1983. ***Warner v. Grand County,*** 57 F.3d 962, 964 (10th Cir. 1995). Although Plaintiff claims he is suing Defendants in their individual capacity, he states elsewhere in the Complaint that Defendants Ortiz and Cabiling denied him medical treatment "while acting under the color law." **Comp., p.2.** Therefore, the court presumes Plaintiff intended to sue Defendants in their official capacities as well.

4

the action he took within his sphere of official responsibility would violate the constitutional rights of the [Plaintiff], or [that] he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. . ." . **Harlow v. Fitzgerald,** 457 U.S. 800, 815 (1982). State officials are shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights which they are alleged to have violated." **Andersen v. Creighton,** 483 U.S. 635, 638 (1987).

An official performing discretionary functions will generally be immune from liability unless a reasonable person in his position would have known that his actions violated clearly established law. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." **Malley v. Briggs,** 475 U.S. 335, 341 (1986). "[I]f there is a legitimate question as to whether the more particularized constitutional right exists under the facts of the case, it cannot be said that the prison official's action violated clearly established law." **Brown v. Frey,** 889 F.2d 159, 165 (8th Cir. 1989).

Plaintiff was a parolee when he was denied medication. As a "parolee," Plaintiff is not entitled to all of the federal constitutional procedures and safeguards guaranteed by the due process clause of the Fourteenth Amendment." **Hutchinson v. Patterson,** 267 F. Supp. 433 (D. Colo. 1967). Indeed, as a parolee, Plaintiff falls outside the Eighth Amendment, which requires that prison officials provide medical care for those whom it is punishing *by incarceration*." **See Estelle v. Gamble,** 429 U.S. 97, 103 (1976) (emphasis added). Because Plaintiff was not incarcerated at the time he was denied medicine/treatment, it cannot be said that the Defendants' actions violated a

clearly established law, i.e., the Eighth Amendment. Defendants, therefore, are entitled to qualified immunity to the extent this claim is brought against them in their individual capacities.

To the extent Plaintiff asserts this claim against Defendants in their official capacities, Plaintiff's Eighth Amendment claim fails. The Eight Amendment mandates that prison officials must provide all prisoners with the basic necessities of life: food, clothing, shelter, sanitation, personal safety, and medical care. **Hoptowit v. Ray**, 682 F.2d 1237, 1246 (9th Cir. 1982). The Supreme Court has held that "deliberate indifference" to the serious medical needs of prisoners violates the Eighth Amendment and, therefore, states a cause of action under § 1983. **Estelle v. Gamble**, 429 U.S. 97, 104 (1976). In **Estelle**, the Supreme Court reasoned that because the prisoner is unable "'by reason of the deprivation of his liberty [to] care for himself,'" it is only "'just'" that the State be required to care for him. **Id.** (quoting **Spicer v. Williamson**, 191 N.C. 487, 490 (1926)).

Similarly, the Supreme Court has imposed a duty on the State to provide involuntarily committed mental patients with services necessary to ensure their "reasonable safety." **Youngblood v. Romeo**, 457 U.S. 307, 314-25 (1982). The **Youngblood** Court, in dicta, indicated that the State is also obligated to provide such individuals with "adequate food, shelter, clothing, and medical care." **Id.** The **Youngblood** Court reasoned that "[w]hen a person is institutionalized-and wholly dependent on the State[,] ... a duty to provide certain services and care does exist." **Id.**

In **DeShaney v. Winnebago County DSS**, 489 U.S. 189, (1989), the Supreme Court held that the State had no constitutional duty to protect a child from his father

after receiving reports of child abuse. In reviewing the protections afforded by the decisions in *Estelle* and *Youngblood,* the Court concluded:

> Taken together, [*Estelle* and *Youngblood*] stand only for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.... The rationale for this principle is clear enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time, fails to provide for his basic human needs-- e.g. food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment .... *Id.* at 200. Based on this reasoning, the Court declined to extend the constitutional protection afforded in *Estelle* and *Youngblood,* in which the individuals claiming a deprivation of rights were in custody, to an individual who had not suffered a similar restraint of personal liberty. *Id.*

The *DeShaney* Court's determination of whether the State had an affirmative duty was therefore focused on whether the State had restrained the individual's freedom to act on his own behalf. *See id.* Without such a restraint--through incarceration, institutionalization, or other similar restraint of personal liberty--the individual has no constitutional right to have the State provide for his needs. *Id.*

In the present case, Plaintiff attempts to extend the protections afforded by the Eighth Amendment to individuals who have been released on parole. This extension is not supported by the Supreme Court's rationale in *Estelle, Youngblood,* or *DeShaney*. *Wakefield v. Thompson,* 1996 WL 241783, *4 (N.D. Cal.,1996). Under *DeShaney,* a constitutional duty can only arise when a state has so restricted an individual's access to basic human needs that the state must provide them or the individual will necessarily do without. Plaintiff, a parolee, although subject to the terms of his parole agreement, suffered no personal restraint of freedom that precluded

obtaining medication by himself. For the short time Plaintiff was on parole, he was physically able to go to a hospital or clinic to obtain the necessary psychotropic medication; the Defendants had not impaired his ability to do so. Since the allegations of the alleged harm occurred when the Plaintiff was a "parolee," no cause of action can be established against either Defendant. Therefore, this claim should be dismissed to the extent it is brought against Defendants in their official capacities.

### B.   Second Claim: ADA Claim against Defendant Ortiz in His Official Capacity.

Plaintiff's second claim for relief alleges that Defendant Ortiz's parole policy violates the provisions of the Americans with Disabilities Act. Plaintiff claims that Defendant Ortiz denied him mandatory parole because he was disabled. Plaintiff brings his second claim for relief against Defendant Ortiz in his official capacity.

Plaintiff has failed to state an ADA claim against Defendant Ortiz. To prevail on an ADA claim, Plaintiff must allege that a public entity discriminated against him. **42 U.S.C. § 12132; *Pennsylvania Dep't of Corrs. v. Yeskay,*** 524 U.S. 206, 208 (1988) (the ADA prohibits a public entity from discrimination against a qualified individual with a disability). Only public entities may be sued under Title II of the ADA. ***Montez v. Romer,*** 32 F. Supp. 2d 1235, 1241 (D. Colo. 1999) ("individual liability is not contemplated under Title II of the Disability Act"). Because Defendant Ortiz is not a "public entity," his ADA claim fails as a matter of law. ***Id.*** Further, to the extent that Plaintiff seeks monetary damages under Title II of the ADA, such relief is prohibited. ***Thompson v. State of Colorado,*** 258 F.3d 1241 (10th Cir. 2001). Therefore, Plaintiff's claim for monetary relief under the ADA is barred. Plaintiff's second claim for relief

should be dismissed.

### C. Third Claim: Due Process and Equal Protection Claim against Defendant Ortiz in his Individual and Official Capacity.

Plaintiff's third claim for relief claims that Defendant Ortiz excluded Plaintiff from parole eligibility based on his mental illness in violation of his Due Process and Equal Protection rights. Plaintiff sues Defendant Ortiz in his individual capacity[2] under **42 U.S.C. § 1983.** Again, an official performing discretionary functions will generally be immune from liability unless a reasonable person in his position would have known that his actions violated clearly established law. Plaintiff has not sufficiently claimed that Defendant Ortiz violated a clearly established law by denying Plaintiff parole. Defendant Ortiz, therefore, is entitled to qualified immunity to the extent this claim is brought against him in his individual capacity.

To the extent Plaintiff asserts a claim against Defendant Ortiz in his official capacity, his claim fails to state a claim for violation of his Due Process rights. Plaintiff's allegations appear to be against Defendant Ortiz in his supervisory role. However, absent a showing of an "affirmative link" between constitutional violation and the supervisor's own actions, or failure to supervise, a supervisor is not liable under § 1983. ***Meade v. Grubbs,*** 841 F.2d 1512, 1527 (10th Cir. 1988). Further, Plaintiff's

---

[2] Again, only a defendant acting "under color of state law" may violate Section 1983. ***Warner v. Grand County,*** 57 F.3d 962, 964 (10th Cir. 1995). Although Plaintiff claims he is suing Defendant Ortiz individual capacity, he states elsewhere in the Complaint that Defendant Ortiz "while acting under the color law. . . " denied him due process of law. **Comp., p.2.** Therefore, the court presumes Plaintiff intended to sue Defendant Ortiz in his official capacity as well.

claim implicates the CDOC and the Board of Parole, both of which are not parties to this action. Therefore, to the extent Plaintiff asserts his third claim against these entities, that claim is dismissed.

Further, Plaintiff fails to state a claim for violation of the Equal Protection clause of the Fourteenth Amendment. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." **U.S. Const. amend. XIV § 1**; *Vacco v. Quill,* 521 U.S. 793, 799 (1997). The Equal Protection Clause does not command that all persons be treated alike; rather, it "[directs] that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). To state an Equal Protection claim, Plaintiff must "allege and prove that [he] received different treatment from other similarly situated individuals or groups." *Johnson v. Horn,* 150 F.3d 276, 284 (3d Cir.1998), *overruled on other grounds by* *DeHart v. Horn,* 227 F.3d 47 (3d Cir.2000). However, Plaintiff has failed to claim that similarly situated inmates[3] were treated differently.

Further, the level of scrutiny applicable to ensure that particular classifications comply with the guarantee of equal protection differs depending on the nature of the classification. *Artway v. Attorney General of State of New Jersey,* 81 F.3d 1235, 1267-68) (3d Cir.1996). Classifications involving suspect or quasi-suspect classes, or impacting fundamental constitutional rights, are subject to heightened scrutiny. *Id.*

---

[3] He does, however, appear to claim that he, as a result of his mental disability, was treated differently from "other parole eligible offenders." It is unclear whether these "offenders" were similarly situated to Plaintiff. Therefore, Plaintiff's claim provides an insufficient basis for his equal protection claim.

Other classifications, however, need only be rationally related to a legitimate government goal. *Id.* (citing **Chapman v. United States**, 500 U.S. 453, 465 (1991) (applying rational basis test to classification based on nature of offense)). Parolees do not constitute a suspect or quasi-suspect class, requiring heightened scrutiny for the purpose of equal protection analysis. **See City of Cleburne,** 473 U.S. at 439 (listing classes receiving heightened scrutiny as race, alienage, national origin, and sex). Plaintiff's situation also does not implicate a fundamental constitutional right for which the Supreme Court has granted heightened equal protection scrutiny. Thus, Defendant's denial of parole to Plaintiff does not itself establish a claim for a violation Equal Protection Clause. Therefore, this claim should be dismissed.

Finally, to the extent Plaintiff brings claims for monetary damages and retrospective declaratory relief against the Defendant Ortiz in his official capacity, such claims are barred by the Eleventh Amendment. **See Meiners v. Univ. of Kansas,** 359 F.3d 1222 (10th Cir. 2004). Again, to the extent Plaintiff brings a claim for monetary damages against Defendant Ortiz in his individual capacity, Plaintiff's claim is barred by qualified immunity. Plaintiff has failed to allege factual allegations that Defendant Ortiz's actions were objectively unreasonable in light of clearly established law. **See Sawyer v. County of Creek,** 908 F.2d 663 (10th Cir. 1990). Therefore, Plaintiff's claims for damages against the Defendant Ortiz in his official and individual capacities are barred, and this claim should be dismissed.

Accordingly,

**IT IS RECOMMENDED** as follows:

1. That Defendants' Motion to Dismiss Plaintiff's Amended Complaint [#72] filed on July 18, 2005**, BE GRANTED**;

2. That Defendants' Motion to Limit Discovery Pending Decision on Defendants' Motion to Dismiss Amended Complaint [#74], filed on July 18, 2005, **BE DENIED AS MOOT**; and

3. That this civil action **BE DISMISSED WITH PREJUDICE.**

## IV. Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. **28 U.S.C. § 636(b)(1)**. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. ***See In re Griego***, 64 F.3d at 583; ***United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court

or for appellate review." **One Parcel of Real Property**, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  **See Vega v. Suthers**, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  **One Parcel of Real Property**, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); **International Surplus Lines Ins. Co. v. Wyoming Coal Refining Syss., Inc.**, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  **Ayala v. United States**, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

**DATED** at Denver, Colorado, this 28th day of September 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge